IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02438-WYD-MEH

CONAGRA TRADE GROUP, INC.,

    Plaintiff,
v.

FUEL EXPLORATION, LLC,

    Defendant.

---

## RECOMMENDATION ON MOTION TO CONSOLIDATE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiff's Unopposed Motion to Consolidate [doc #5]. By Order of Reference to the United States Magistrate Judge, this matter has been referred to me to conduct proceedings in this civil action pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b). The matter is fully briefed, and the Court recommends that, for the reasons stated herein, the Motion be **granted**.[1]

**I.    Background**

ConAgra's Complaint in this matter was filed on November 20, 2007 (the "Original

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Federal Action"). On October 30, 2007, Fuel Exploration, LLC ("Fuel X") filed a separate action in the District Court for the City and County of Denver, known as Civil Action No. 2007-cv-10501 (the "State Court Action"). According to ConAgra, it was not served with the State Court Complaint until December 4, 2007. Consequently, on December 7, 2007, ConAgra removed the State Court Action to Federal Court, which is now known as Civil Action No. 07-cv-02552-MSK-MEH (the "Second Federal Action").

The Second Federal Action asserts two claims for relief. The first claim for relief alleges that ConAgra breached its contractual duties under certain Purchase and Sale Agreements executed by the parties. The second claim for relief seeks declaratory judgment that a certain Master Agreement executed by the parties is voidable and unenforceable.

ConAgra asserts that the claims asserted by ConAgra in the Original Federal Action involve the same Purchase and Sale Agreements and Master Agreement which are the subject of the Second Federal Action. As a result, ConAgra requests that the two federal actions be consolidated. Fuel X does not oppose ConAgra's request.

**II.    Analysis**

Upon review of the motion, it appears that consolidation of the two cases is appropriate under Rule 42(a). Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Consolidation is within the discretion of the trial court. *Gillette Motor Transp. v. Northern Oklahoma Butane Co.,* 179 F.2d 711, 712 (10th Cir. 1950).

It appears that the instant case and the Fuel X case arise out of the same set of facts. Both

complaints involve a set of agreements - Master Crude Oil Purchase and Sale Agreement and Credit Support Annex to the Crude Oil Master Agreement (collectively, Master Agreement) - executed between the parties on September 1, 2007.  Both parties' claims allege a breach of the Master Agreement since the time of its execution.  And, both parties agree that consolidation of the cases is proper.

Therefore, upon review of the Complaint filed in this case and the Complaint filed in the Fuel X case, I find that the two cases involve common questions of law and fact, and conclude that consolidation of the two cases is appropriate here.

**III.  Conclusion**

Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1(C), I RECOMMEND that Plaintiff's Unopposed Motion to Consolidate [filed December 11, 2007; doc #5] be **granted**, and that Civil Action No. 07-cv-02552-MSK-MEH be consolidated into the within action.

Dated at Denver, Colorado this 14th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge