IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02438-WYD-MEH
(Consolidated with Case No. 07-cv-02552-MSK-MEH)

CONAGRA TRADE GROUP, INC.,

    Plaintiff,

v.

FUEL EXPLORATION LLC,

    Defendant.

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

    ConAgra Trade Group, Inc. ("ConAgra") is seeking information from Fuel Exploration LLC ("FuelX") through its Questions in Aid of Settlement in connection with the Material Terms of Agreement entered into during the settlement conference conducted by the Court on June 4, 2008. FuelX believes that the disclosure of some information outside of this settlement discussion could result in significant injury to FuelX's business or privacy interests. The parties, accordingly, have entered into this Confidentiality Agreement and request the Court to enter this Agreement as a Protective Order.

    1. As used in this Confidentiality Agreement and Protective Order, the word "document" is used in the broadest sense and includes, without limitation, the following: all "writings," "recordings," "photographs," "originals," and "duplicates" as defined by Federal Rule of Evidence 1001; and electronically stored information.

    2. As used in this Confidentiality Agreement and Protective Order, "Lawsuit" means this action and any appeals therefrom.

3. As used in this Confidentiality Agreement and Protective Order, "Settlement" means the potential settlement of this Lawsuit and any final settlement that may be reached. Communications or exchanges of information, including but not limited to documents and information provided in connection with the Material Terms of Agreement executed by FuelX and ConAgra on June 4, 2008, communications in connection with settlement conferences set by the Court, and direct communications between the parties or their counsel regarding settlement are included within the meaning of "Settlement."

4. As used in this Confidentiality Agreement and Protective Order, "Confidential Information" means documents and other information that FuelX provides pursuant to the Questions in Aid of Settlement or to negotiate a settlement and designates as confidential in the manner set forth below, along with any documents that contain, summarize, incorporate or reflect information in documents that FuelX designates as confidential. The parties anticipate that Confidential Information will relate to FuelX's confidential business and financial information, such as confidential business plans, valuations, financial information, and projections. Confidential Information does not include information that is (a) publicly available or (b) obtained from any nonparty outside of discovery or legal process.

5. All persons with access to Confidential Information produced by FuelX shall take all reasonable precautions necessary to ensure that the Confidential Information is not disclosed or used for any purpose that does not relate to Settlement or in any manner that is not permitted by this Confidentiality Agreement and Protective Order.

6. Confidential Information shall not, without the written consent of FuelX or further Court order, be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to any person *except* the following:

    a. Counsel of record in the Lawsuit;

    b. persons employed by or associated with counsel of record in the Lawsuit whose assistance is required in connection with Settlement;

    c. persons employed by ConAgra who need the information in connection with Settlement; and

    d. the Court and its employees.

7. The designation of documents as "Confidential Information" for purposes of this Confidentiality Agreement and Protective Order shall be made by FuelX placing or affixing on the documents (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL."

8. The parties agree that the fact any document or information is designated as Confidential Information under this Confidentiality Agreement and Protective Order does not preclude any such information or document from discovery and use at trial subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

9. ConAgra may object to the designation of particular Confidential Information by giving written notice to FuelX. The written notice shall identify the Confidential Information to which the objection is made. If the parties cannot resolve the objection within ten business days after notice is received, either party may file an appropriate motion requesting that the Court

determine whether the disputed information should be subject to the terms of this Confidentiality Agreement and Protective Order. The disputed information shall be treated as Confidential Information under the terms of this Confidentiality Agreement and Protective Order until the Court rules on the motion.

10. Subject to the Federal Rules of Civil Procedure and any other applicable law, the use of Confidential Information in connection with Settlement shall not cause the information to lose its confidential status.

11. Any Confidential Information that must be submitted to the Court through filing shall be filed under seal. The Clerk shall maintain such documents under seal, to be made available by the Clerk only to the Court and to counsel for the parties in these proceedings until further order of this Court.

12. Nothing contained in this Confidentiality Agreement and Protective Order shall affect the rights, if any, of the parties to make any discovery request, objection, claim, or other response to any discovery request, subpoena, or question at a deposition, nor shall this Confidentiality Agreement and Protective Order be construed as a waiver by the parties of any legally cognizable privilege to withhold any document or information, or of any right that the parties may have to assert such privilege at any stage of the Lawsuit. Nothing contained in this Confidentiality Agreement and Protective Order, and no action taken pursuant to this Confidentiality Agreement and Protective Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information produced or sought.

13. If ConAgra receives a request, including but not limited to a subpoena in a legal or administrative proceeding, for the production of Confidential Information provided by FuelX, ConAgra shall promptly notify FuelX, shall permit FuelX to assert all appropriate objections, and, should FuelX assert timely objections, ConAgra shall decline to produce the Confidential Information on the basis of the objection(s), except upon court order.

14. Nothing in this Confidentiality Agreement and Protective Order shall be deemed to restrict a party's use or disclosure of Confidential Information that it alone prepared or obtained, and which contains no Confidential Information obtained directly from FuelX.

15. The termination of the Lawsuit shall not relieve any persons obligated hereunder from their responsibility to maintain the confidentiality of the Confidential Information; provided that in the event the parties reach a Settlement, the terms of the Settlement shall supersede this Confidentiality Agreement and Protective Order.

16. This Confidentiality Agreement and Protective Order shall inure to the benefit of and be binding on the successors or assigns of the parties.

17. Upon the earlier of (1) 10 days after a settlement agreement terminating the Lawsuit becomes effective or (2) November 10, 2008, unless other arrangements are agreed upon in writing, ConAgra shall either return all Confidential Information to FuelX or destroy all Confidential Information provided by FuelX, and in addition shall destroy all copies of those documents and all documents that contain, summarize, incorporate or reflect any Confidential Information. Nothing herein shall require ConAgra's attorneys to destroy any work product containing, incorporating, or reflecting Confidential Information. Upon request by FuelX,

ConAgra shall provide FuelX with an affidavit confirming destruction.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

19. The parties agree that upon the execution of this Confidentiality Agreement and Protective Order by all signatory counsel, the parties are and shall be bound hereby. The parties acknowledge and agree that their respective signing counsel have the authority to execute this Confidentiality Agreement and Protective Order and thereby bind the respective parties.

20. This Confidentiality Agreement and Protective Order may be executed by facsimile and in counterparts.

DATED this 3rd day of September, 2008, in Denver, Colorado.

BY THE COURT:

　s/Michael E. Hegarty　
Michael E. Hegarty
United States District Court