IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 07-cv-02438-CMA-MEH
(Consolidated with Case No. 07-cv-02552-CMA-MEH)

CONAGRA TRADE GROUP, INC.,

    Plaintiff,

v.

FUEL EXPLORATION, LLC,

    Defendant.

---

## ORDER REGARDING MOTION TO STRIKE

---

This matter is before the Court on Plaintiff ConAgra Trade Group, Inc.'s Motion to Strike Response of Defendant in Opposition to ConAgra's Motion for Summary Judgment (Doc. # 51). The Motion is GRANTED.

Defendant, a limited liability company, was originally represented in this lawsuit by counsel. However, on November 5, 2008, Defendant's counsel moved to withdraw and this Court granted the Motion on November 17, 2008. Plaintiff then moved for summary judgment on January 5, 2009. On January 23, 2009, Defendant purported to respond to Plaintiff's summary judgment motion by filing a response brief. Raymond Danton, a member of Defendant, signed the response brief, but Mr. Danton is not a licensed attorney. Plaintiff moved to strike Mr. Danton's response because it violated the rule against "*pro se*" representation of corporate entities like a limited liability company.

It is well settled that corporations and similar business entities (*e.g.,* partnerships, limited liability companies, etc.) must appear in this Court through a licensed attorney. *See Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556-57 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); D.C.COLO.LCivR 83.3D ("Where the withdrawing attorney's client is a corporation, partnership, or other legal entity, the notice shall state that such entity cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity.").

In this case, Mr. Danton's response brief clearly violated the prohibition on *pro se* representation of a corporate entity.  Further, Defendant's former attorneys notified Defendant pursuant to D.C.COLO.LCivR 83.3D, so Mr. Danton knew or should have known that he could not represent Defendant before this Court, but he filed his response brief anyway.  Thus, because he knowingly violated the rule against *pro se* representation of a corporate entity, Mr. Danton's offending brief should be stricken from the record.  The Court notes that Defendant has since retained proper legal representation and has filed a second response to Plaintiff's summary judgment motion. Thus, striking the improper response from the record will have no prejudicial effect on Defendant.

Accordingly,

Plaintiff's Motion to Strike (Doc. # 51) is GRANTED and the non-compliant Response of Defendant Fuel Exploration, LLC in Opposition to ConAgra's Motion for Summary Judgment (Doc. # 50) should be STRICKEN.

IT IS FURTHER ORDERED that the Response of Defendant Fuel Exploration, LLC By Counsel in Opposition to ConAgra's Motion for Summary Judgment (Doc. # 63) is accepted as timely filed.

DATED:  March   19  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge